**UNITED STATES of America, and the States of California, Illinois, North Carolina, and Ohio, Plaintiffs,**

v.

**DISH NETWORK, L.L.C., Defendant.**

No. 09–cv–3073

United States District Court, C.D. Illinois, **Springfield Division.**

Signed November 5, 2012

Albert N. Shelden, Jinsook Ohta, California Attorney General's Office, Jon F. Worm, California Department of Justice, San Diego, CA, Daniel Kadane Crane-Hirsch, Lisa K. Hsiao, Patrick R. Runkle, Sang H. Lee, United States Department of Justice, Washington, DC, Elizabeth A. Blackston, Paul A. Isaac, Philip I. Heimlich, Office of the Attorney General, Gregory M. Gilmore, U.S. Attorney's Office, Springfield, IL, Erin B. Leahy, Michael S. Ziegler, Jeffrey Robert Loeser, Ohio Attorney General's Office, Columbus, OH, Kevin Anderson, North Carolina Department of Justice, David N. Kirkman, North Carolina Attorney General's Office, Raleigh, NC, for Plaintiffs.

Catherine Emily James, Henry T. Kelly, Kelley Drye & Warren LLP, Chicago, IL, Damon William Suden, Kelley Drye & Warren, Elyse D. Echtman, John L. Ewald, Peter A. Bicks, Orrick Herrington & Sutcliffe LLP, New York, NY, Edward Ellis Weiman, Kelley Drye & Warren LLP, Los Angeles, CA, Geoffrey W. Castello, III, Joseph A. Boyle, Lauri A. Mazzuchetti, Kelley Drye & Warren LLP, Parsippany, NJ, for Defendant.

### OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs' Motion to Enforce the Court's

January 11, 2011 and June 12, 2012 Discovery Orders (d/e 167) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

On January 11, 2011 and June 12, 2011, this Court ordered Defendant Dish Network, LLC (Dish), to produce documents. *Order entered January 11, 2011 (d/e 80)* (*Opinion 80*), and *Opinion Entered June 12, 2012 (d/e 151)* (*Opinion 151*). Dish produced several sets of documents in response. On July 1, 2012, Dish provided Plaintiffs with an additional privilege log in which Dish asserted claims of privilege over an additional 1,900 documents. The parties had agreed to exchange privilege logs towards the close of discovery. The United States provided its last supplement to its privilege log on July 26, 2012. *Defendant Dish Network, LLC's Response to Plaintiffs' motion to Enforce the Court's Discovery Orders (d/e 169)* (*Dish Response*), attached *Declaration of Lauri Mazzuchetti (d/e 172)*, ¶¶ 7–8. Also, on July 19, 2012, Dish produced a set of documents with the legend on the bottom of each document which said, "PRODUCED OVER DEFENDANT'S PRIVILEGE DESIGNATION CONSISTENT WITH COURT ORDER."

The Plaintiffs now challenge Dish's claim of privilege in the July 1, 2012, privilege log. The Plaintiffs further ask this Court to order Dish to produce the documents produced on July 19, 2012, without the quoted legend. Lastly, the Plaintiffs ask the Court to order Dish to explain under oath the specific steps it took to comply with Opinion 80. The Court addresses each request separately.

## A. *Privilege Log*

■ The Court discussed the legal principles related to claims of privilege extensively in Opinion 151. *See Opinion 151*, at 5–11. The Plaintiffs argue that privilege

has been waived because the log was provided too late. The Court disagrees because the parties agreed to exchange privilege logs toward the end of discovery. The Plaintiff United States provided a privilege log as late as July 26, 2012.

The Court further determined that the documents should be submitted to the Court for *in camera* review. When Dish provided the challenged documents, Dish informed the Court that it had produced several of the documents on the Plaintiffs' challenge log, either in full or in redacted form. Of those not produced, the Court finds that the following documents are not protected by privilege for the reasons set forth in Opinion 151: EKDW00341772; EKDW00418009; EKDW00418936; EKDW00419750; EDKW00459046; EKDW00459064; EKDW00460788; EKDW00465941; EKDW00498294; EKDW00498297; EKDW00498829; EKDW00499251; EKDW00576167; EKDW00576168; EKDW00576766; EKDW00576780; EKDW00595826; EKDW00595827; EKDW00599058; EKDW00599059; EKDW00599175; EKDW00602230; EKDW00602368; EKDW00727489; EKDW00727498; and PKDW2000009123. Dish is directed to produce these documents to the Plaintiffs.

The documents that Dish produced in redacted form are properly redacted except for the redactions on Document 13,-385 at pages 13385_00037, 13385_00105, and 13385_00115. Defendant Dish is directed to produce the unredacted copies of these three pages to the Plaintiffs. The claims of privilege for the remaining documents is sustained.

## B. *Legend*

■ The Plaintiffs ask the Court to strike the legend, "PRODUCED OVER DEFENDANT'S PRIVILEGE DESIGNATION CONSISTENT WITH COURT

ORDER," from the documents that Dish produced on July 19, 2012. The Court denies this request as premature because the efficacy of this legend is not at issue. Plaintiffs have the documents so produced and can use them. Should the Plaintiffs elect to use any of the documents so marked at trial, then there may possibly be a question regarding the legend. Such a question should be resolved by the trial judge. At this point, the request is denied as premature.

## C. *Request to Explain*

■ The Plaintiffs' request for an explanation under oath of the steps Dish took to comply with Opinion 80 is denied as moot. Dish has provided an explanation under oath. As part of Dish's response to the Motion, Dish attorney Mazzuchetti has stated under oath the steps Dish took to comply with its obligations in discovery, which included compliance with Opinion 80. *Mazzuchetti Declaration* ¶¶ 2,3, 4, 6, 11, 12, 14–19, 27–31, 36–37, 40. The Court has reviewed the Mazzuchetti Declaration and finds it to be a sufficient explanation. The Plaintiffs' request is therefore moot.

WHEREFORE Plaintiffs' Motion to Enforce the Court's January 11, 2011 and June 12, 2012 Discovery Orders (d/e 167) (Motion) is ALLOWED in part and DENIED in part. The Court allows the Plaintiffs' objections to Dish's claims of privilege with respect to the documents listed in this Opinion (Unprivileged Documents). Defendant Dish Network, LLC, is directed to produce the Unprivileged Documents to Plaintiffs by November 21, 2012. The remainder of the Motion is denied for the reasons set forth in this Opinion.